## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **DANIEL DELEON,** *Plaintiff,* | § § § | |
| **VS.** | § | **CIVIL ACTION NO. 7:18-CV-230** |
| | § § | |
| **UPS GROUND FREIGHT, INC. AND STEVEN CONGLETON** *Defendants.* | § § § | |

## JOINT MOTION TO EXTEND TIME FOR ALL REMAINING DEADLINES THAT HAVE NOT YET PASSED

**TO THE HONORABLE JUDGE OF SAID COURT:**

Come Now, Defendants UPS Ground Freight, Inc. and Steven Congleton (collectively, the "Defendants") and Plaintiff Daniel Deleon ("Plaintiff"), and file their Joint Motion to Extend Time for All Remaining Deadlines That Have Not Yet Passed, pursuant to Fed. R. Civ. P. 6 (b).

## PROCEDURAL HISTORY

1. This lawsuit arises from a motor vehicle incident which occurred on I-20 on September 29, 2018 when Defendant Congleton allegedly collided with the back of Plaintiff Deleon's vehicle. As a result of the incident, Plaintiff asserts that he injured his back and neck. Defendants have answered and denied each of Plaintiff's claims and have affirmatively plead that the Plaintiff had pre-existing medical conditions and that a third party is responsible, in whole or in part, for the injuries in damages complained of, among other defenses.

2. Defendants and Plaintiff have exchanged written discovery and are in the process of scheduling depositions. However, Defendants have also sought records from many of Plaintiff's present and past healthcare providers, the identity of some which have only recently been discovered. The parties believe such records should be produced and reviewed prior to the depositions of the parties and retention of

experts, to make the most efficient use of this time. The parties have requested these records and anticipate their production in the next thirty days.

3. To provide for the efficient review and analysis of these records the parties have agreed to, and request the Court order, a sixty (60) day extension of all remaining deadlines (See **Exhibit A**) that have not yet passed for, which include: Plaintiff's Expert Deadline (November 20, 2019); Defendants' Expert deadline (December 18, 2020); Deadline to Amend Pleadings (November 15, 2019); Discovery deadline (March 17, 2020); Dispositive Motions (April 14, 2020); Pre-Trial (August 10, 2020).

## AUTHORITIES

4. Under Federal Rule of Civil Procedure 6(b) when an act may or must be done within a specified time, the court may, for good cause, extend the time. Fed. R. Civ. P. 6 (b)(1)(A).

5. Because none of the deadlines the parties are requesting to extend have expired, a showing of good cause for the delay is enough for this Court to grant this request.

6. The good cause standard is not clearly defined by case law, but rather it is left to the trier of fact to determine if the parties' actions rise to the level of good cause. In general, the trier of fact reviews the circumstances surrounding the reason for the delay or what efforts the party seeking relief took to meet the deadline, prior to its expiration. *Donald v Cook Cty. Sheriff's Dept.*, 95 F.3d 548, 558 (7th Circ. 1996).

## ARGUMENT

7. The parties assert that good cause to extend the remaining deadlines because material and relevant records have not yet been obtained, which may aid the parties in the prosecution and defense of the claims in this case. Without these records, the parties will be unable to identify needed experts, provide such records to these experts and obtain reports from experts under the current discovery deadlines. It is believed they will not be able to produce an expert report(s) in compliance with Fed. R. Civ. P. 26 (a)(2)(B). Again, the parties also need this information to take meaningful depositions in this case. In sum, the parties aver that not extending these deadlines would materially prejudice their ability to investigate and prove claims and/or defenses in this case.

8. It is believed that neither party will be prejudiced by this brief extension of time because both will likely gain credible, objective information which may support claims and defenses in this case.

9. Therefore, the parties request that the Court grant their request to extend all remaining deadlines that have not passed for 60 days including; Plaintiff's Expert Deadline (November 20, 2019); Defendants' Expert deadline (December 18, 2020); Deadline to Amend Pleadings (November 15, 2019); Discovery deadline (March 17, 2020); Dispositive Motions (April 14, 2020); Pre-Trial (August 10, 2020).

10. In support of this Motion, the parties contemporaneously file their Appendix in Support of their Joint Motion to Extend All Remaining Deadlines That Have Not Yet Passed and incorporate such filing fully herein.

11. This continuance of deadlines is not sought for delay only, but so that justice may be done.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff and Defendants request that after considering the foregoing arguments and evidence submitted, the Court grant this Joint Motion To Extend Time For All Remaining Deadlines That Have Not Yet Passed and for all such other relief to which the parties may show themselves entitled in law or in equity.

                                          **COX P.L.L.C.**

By: */s/ Lindsay G. Gorbach*
Lindsay G. Gorbach
Texas Bar No. 24059839
Gregory R. Brenner
Texas Bar No. 24027052

7859 Walnut Hill Lane, Suite 310
Dallas, Texas 75230
(469) 340-1205
(469) 340-1884 (*facsimile*)
lgorbach@coxpllc.com

**ATTORNEYS FOR DEFENDANT UNITED PARCEL SERVICE, INC.**

**THE BUZBEE LAW FIRM**

By:    */s/ Ryan S. Pigg*
       Anthony G. Buzbee
       Texas Bar No. 24001820
       Ryan S. Pigg
       Texas State Bar No. 24082887

       JPS Morgan Chase Tower
       600 Travis Street, Suite 7300
       Houston, TX 77002
       713/ 223-5393
       713/ 223-5909 (*Facsimile*)

       **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

I certify that on the 14th of October 2019, I conferred with Plaintiff's counsel and he concurs with this Motion.

       */s/ Gregory R. Brenner*
       Gregory R. Brenner

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing document was served on all counsel of record via CM/ECF, in accordance with the Federal Rules of Civil Procedure, on October 14, 2019.

Anthony G. Buzbee
Ryan S. Pigg
JP Morgan Chase Tower
600 Travis Street, Suite 7300
Houston, Texas 77002
-and
Charles Bush
Bush & Bush Law Group
3710 Rawlins Street, Suite 1420
Dallas, Texas 75219

       */s/ Lindsay G. Gorbach*
       Lindsay G. Gorbach