## UNITED STATES DISTRICT COURT
## WESTERN DISTRCT OF TEXAS
## MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **DANIEL DELEON** | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| | § | |
| V. | § | |
| | § | **Case No. MO:18-CV-00230-DC** |
| | § | |
| | § | |
| **UPS GROUND FREIGHT, INC.,** | § | |
| **STEVEN CONGLETON, AND** | § | |
| **ATRIX TRUCKING CORP** | § | |
| *Defendants.* | § | |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO EXCLUDE OPINIONS OF NON-RETAINED EXPERT OFFICER DAVID A. MEISNER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Daniel Deleon, Plaintiff in the above-styled and numbered cause, and files this Response to Defendants' Motion to Exclude Opinions of Non-Retained Expert Officer David A. Meisner, and in support of his Response would show the Court as follows:

### SUMMARY OF ARGUMENT

This lawsuit stems from a motor vehicle collision, which occurred on September 29, 2018 when Defendant Steven Congleton failed to, *inter alia*, heed the slowing of traffic and crashed into Plaintiff. The details of how this incident occurred where provided in large part by Officer David A. Meisner during his deposition, who investigated this incident and whose opinions Defendants now seek to exclude. On November 20, 2019, Plaintiff served his Designation of Expert Witnesses, wherein Plaintiff designated Officer Meisner as a non-retained expert. Importantly, Plaintiff designated the Officer to testify as to his "***training/expertise and the cause, details and background information concerning the incident made the basis of this lawsuit.***" Pl.'s

Designation of Expert Witnesses, Nov. 20, 2019, ECF No. 29. Nowhere in his designation did Plaintiff designate the Officer on the grounds of "accident reconstruction" or as a "reconstructionist." *See id*. Plaintiff's expert Cam Cope was designated as a retained expert for accident reconstruction matters. *Id.* Defendants now move to exclude certain opinions rendered by Officer Meisner because, *inter alia*, he is not an accident reconstructionist.

Defendants' Motion to Exclude was filed with the Court on February 13, 2020. Local Rule CV-7-1(e) provides in relevant part: "A response to a nondispositive motion shall be filed not later than 7 days after the filing of the motion." This Response this therefore timely filed.

As alluded to, Defendants seek to exclude several of Officer Meisner's opinions on a basis in which Plaintiff does not designate him for. Plaintiff elicited testimony from Officer Meisner in order to provide context and opinions as to the performance and conduct of Defendant Congleton's driving. Defendants construct an argument with "accident reconstruction" as its frame. Yet, nearly all of the highlighted opinions Defendants attack in their motion relate to "rules of the road" and standard of care for motor vehicle operators on a Texas roadway—***not*** accident reconstruction. Defendants arguments attempt to invalidate Officer Meisner's opinions on a basis he does not draw from or rely upon in rendering his opinions. Accordingly, the Court should deny Defendants' Motion.

## ARGUMENT AND AUTHORITIES

### A. Rule 702 and Daubert

The party offering expert testimony has the burden to prove by a preponderance of the evidence that the proffered testimony satisfies the admissibly requirements of Federal Rule of Evidence 702. *Mathis v. Exxon Corp.*, 302 F.3d 448, 460 (5th Cir. 2002).

Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702. In evaluating an expert's testimony under Rule 702, the court takes on a "gatekeeping role" and makes a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 592–93 (1993). To admit an expert's testimony, the court must determine that it is both relevant and reliable. *Id.* at 589. To establish reliability, the party offering the expert testimony need not show that the expert's assessment is immune to critique, as one of the key purposes of the fact finder is to weigh the credibility of all witnesses. *See* FED. R. EVID. 702, Advisory Comm. Note (2000); *see also Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998). However, the court need not admit testimony based purely on the *ipse dixit* of the expert. *GE v. Joiner*, 522 U.S. 136, 146, (1997).

In making the reliability determination, the Supreme Court has indicated that the trial court should consider whether the expert's theory or technique: (1) can or has been tested; (2) is subject to peer review and publication; (3) has a high known or potential error rate or standards controlling its operations; and (4) is generally accepted in the relevant scientific community. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999) (citing *Daubert*, 509 U.S. at 592–97). **Importantly,** these factors are not a definitive checklist and may to be relevant to assessing the expert's reliability in every case. *Id.* at 150. Logically, this guidance is especially salient to the instant matter.

### 1.      *Defendants Confuse Accident "Investigation" with Accident "Reconstruction"*

Defendants first argue that Officer Meisner's (whom Defendants refuse to address as Officer throughout the entirety of their motion) opinions are not reliable or relevant because he is not trained in accident reconstruction and thus his opinions should be excluded. However, Plaintiff has not designated Officer Meisner on matters of accident reconstruction. Instead, Plaintiff designated Officer Meisner to testify as to his "training/expertise and the cause, details and background information concerning the incident made the basis of this lawsuit." Pl.'s Designation of Expert Witnesses, Nov. 20, 2019, ECF No. 29. This precisely includes the Officer's "training [in] scene management, completing a crash report and issuing citations." Defs.' Motion to Exclude Opinions of Non-Retained expert David A. Meisner, Feb. 13, 2020, ECF No. 33. Testimony was elicited on this basis—not upon the basis of "scientific analysis from physical evidence," as Defendants suggest.

### a. Officer Meisner is Qualified to Testify on the Grounds he was Designated

Officer Meisner's skill, knowledge, experience, education and training as a police officer is precisely is what qualifies him to testify on the grounds on which Plaintiff has designated him. Officer Meisner was trained to investigate a crash, control a scene and fill out a crash report accordingly.[1] The classroom training alone took approximately 640 hours.[2] This includes citing a driver for their contribution in causing a crash.[3] It also includes assigning fault or contributing factors.[4] **Officer Meisner received training that he testified "most driver don't know," including traffic offenses**.[5] Officer Meisner testified that his investigation consists of speaking to witnesses, investigating physical evidence and conditions in order to piece the information

---

[1] Exhibit "A," – Deposition of Officer David A. Meisner, p. 11:6–12.
[2] *Id*. at p. 71:11-14; p. 13:2-14
[3] *Id.*
[4] *Id*. at 11:6-12.
[5] *Id.* at p. 10:17–24.

together.[6] Officer Meisner testified that he both feels comfortable in investigating commercial vehicle accidents and that he has in fact investigated several.[7] Plaintiff designated Officer Meisner for his opinions regarding his investigation. Officer Meisner is qualified on this narrow basis.

Defendants' argument as to Officer Meisner's qualifications are flawed for a primary reason: Defendants confuse accident "investigation" with "accident reconstruction." Officer Meisner's which are targeted for exclusion could not be more in line with opinions rendered from an investigation:

1. Defendant Congleton failed to reduce speed and stop without causing a collision;[8]

2. Defendant Congleton failed to reduce speed for existing conditions—i.e., failed to slow down despite other traffic slowing down;[9]

3. Defendant Congleton ignored several signs that would suggest to a reasonably prudent driver that they should slow down;[10] and

4. Even if there were no water on the roadway, Defendant Congleton would not have been able to stop without causing a collision.[11]

To this, Defendants imply that Officer Meisner is not qualified to offer his opinions because he lacks certain scientific expertise and training with respect to accident reconstruction, but later attack the sufficiency of Officer Meisner's *investigation* to undermine the reliability of the Officer's testimony. Defendants omit any explanation how these opinions transcend knowledge learned from investigation and must only be derived from reconstruction. These opinions don't concern reconstruction. These opinions flow from a police officer's experience in accident

---

[6] *Id.* at 44:20-23
[7] *Id.* at p. 12:17-23
[8] *Id.* at p. 27:6-18
[9] *Id.* at p. 34:17-23
[10] *Id.* at p. 36:2-37:14
[11] *Id.* at p. 105:14-106:3

investigation. Yet, Defendants fixate their argument as reconstruction as the basis to exclude the Officer's opinions. This is an argument fired directly into an empty void.

Defendants rely on *Lopez v. Southern Pacific Transp. Co.*, to support their position that Officer Meisner is not qualified to offer expert opinions on the incident merely by virtue of being a police officer alone. 847 S.W.2d 330, 334 (Tex. App.—El Paso 1993, no writ). *Lopez*, however, concerns what amount of training is mandated in order to qualify one, particularly a police officer, as an expert in accident reconstruction. *See id.* But, the *Lopez* court also illuminated the precise distinction at work here: **that a police officer's expert opinion is admissible when limited to the non-technical aspects of accident reconstruction**. *Id.* at 335 (citing *Trailways, Inc. v.* Clark, 794 S.W.2d 479, 483 (Tex. App.—Corpus Christi 1990, writ denied)). Logically, this refers to the accident's investigation. Referring to the text of *Trailways, Inc. v. Clark*, this reveals itself to be precisely the case. In *Trailways*, the Court also noted that police officers are not experts merely by status alone. *Id.* at 483. However, the Court upheld the trial court's denial of a motion to exclude when the subject officer adequately related to his training in order to conduct his investigation. *Id.* As stated in *Trailways*, "[i]t has thus repreatedly been held to be within the trial court's discretion to allow a law enforcement officer to testify as an expert, based on police training schools and experience in prior accident investigations, regarding the speed of a vehicle based on the skid marks left at the scene of an accident." *Id*. This is exactly what Officer Meisner testimony does herein. Based on his police training in school and prior accident investigation, he rendered several non-reconstruction opinions concerning the cause and contributing factors of this accident. Those opinions are firmly within his specialized training and experience as a peace officer.

Defendants' assertion that Officer Meisner is not qualified is only true when viewed through the lens in which the Defendants' present before the Court. But, Officer Meisner has not

been designated to provide testimony on accident reconstruction. He was designated to provide testimony on his opinions learned from his investigation, which were substantiated by his training. Limiting the Officer's testimony here to the non-technical grounds does not run afoul of the standards governing expert testimony. *See Lopez*, 847 S.W.2d at 335; *Trailways*, 794 S.W.2d at 483. Officer Meisner is qualified to render testimony on the grounds in which he was designated in this case.

### b. Texas Case Law Supports Plaintiff's Position

Generally, even police officers who are not qualified as "accident reconstructionist" may still elicit "lay" opinions concerning the casual relationship between the event and the condition that contributed to the accident. *Jelinek v. Casas*, 328 S.W.3d 526, 533 (Tex. 2010). In *Pilgrim's Pride Corp. v. Smoak*, the Texarkana Court of Appeals upheld the trial court's admission of an officer's opinion that the collision at issue was caused by defendant's unsafe lane change which in turn was legally sufficient to support the jury's finding defendant seventy-five percent at fault for the collision. *Piligrim's Pride Corp v. Smoak*, 134 S.W.3d 880, 891 (Tex. App. – Texarkana 2004, pet. denied). The Court explained, "Penny's opinion as to the cause of the accident was not based solely on his direct observations of the accident scene, but also on his interviews of witnesses after the fact." *Id*. at 893. "Penny testified regarding several observations he made during his investigation which were helpful to a clear understanding of who caused the accident." *Id*. at 894. In summary, the Court concluded, "[a]ll these observations were admissible as rationally based on Penny's perception and were helpful to the determination of who caused the accident." The opinions and observations offered in *Smoak* are of the same type as those offered by Officer Meisner herein.

### c. Defendants' Arguments Lack Stability

Defendants' motion's later evolution tends to suggest recognition of its impotence. Defendants jarringly pivot their argument from reconstruction to investigation on page 7: Officer Meisner's opinions are not unreliable and irrelevant because "[Officer Meisner] did not actually perform any investigation into the cause of this accident."[12] Defendants assertion that Officer Meisner failed to conduct an investigation is false. What Defendants *actually mean* is that Officer Meisner testified that he did not do certain things during the course of his investigation, such as measuring skid marks or take general measurements.[13]

Defendants motion creates a moving target. Defendants have no cogent reason why the Officer's opinions relating to his investigation should be excluded other than the transparent reason that it is bad for them.

**<u>To illustrate, here is a narrative of Defendants' contentions:</u>**

1. Officer Meisner is not an expert in accident reconstruction. Defs.' Motion to Exclude, pp. 4–5.

2. Even though Officer Meisner is only argued to be unfit on the grounds of accident reconstruction, "Officer Meisner is not qualified to render expert opinions regarding this accident," ***<u>at all</u>***. *Id.* at 5.

3. Officer Meisner's unqualified reconstruction opinions are conclusory because he testified that he did not conduct an investigation. *Id.* at p. 7.[14]

4. *Actually*, Officer Meisner did conduct an investigation, but it was inadequate. *Id.*

5. Even if Officer Meisner were qualified as to ***reconstruction***, because his ***investigation*** was inadequate it should be excluded as it would not assist the trier of fact. *Id.*

6. *Actually*, it is unclear if Officer Meisner's opinions derived from his ***investigation*** are necessary whatsoever, as this case does not require ***complex accident reconstruction analysis*** in order for the jury to understand the case. *Id.* at p. 8.

---

[12] Defs.' Motion to Exclude Opinions of Non-Retained expert David A. Meisner, Feb. 13, 2020, ECF No. 33 at p. 7.
[13] Exhibit "A" at p. 106:8-10
[14] Defendants claim this *ipse dixit* and do not provide the page and line where the Officer testified to this—because he did not.

Defendants refuse to root in any particular position.

Here, Officer Meisner testified that he conducts investigations at the scene of accidents,[15] and did so in this case.[16] Officer Meisner was not designated for reconstruction, but investigation. Defendants' contention that Officer Meisner did not conduct an investigation is baffling, given that Counsel for Defendants asked *specifically* about the Officer's *investigation* several times. Defendants also contend that Officer Meisner's investigation was insufficient, but cite to no metric or basis to find it insufficient. Officer Meisner testified that he examined the scene, spoke to the drivers and was able to reach a conclusion from observational and testimonial evidence.[17] Defendants fail to assert an iota of evidence that supports the notion the Officer's process falls short.

Further, Officer Meisner's testimony is of crucial importance to the trier of fact. Officer Meisner testified that his knowledge of traffic laws and rules of the road are not commonly known by "most people."[18] The jury should be afforded an opportunity to hear his testimony concerning his investigation and the conclusions of such investigation, including the citation he issued to Defendant Congleton.[19] Texas peace officers are charged with policing the conduct of Texas drivers on Texas roadways. As such, it is of paramount importance for the trier of fact to hear and weigh the testimony of a police officer with respect to how a driver *should* operate on the road in accordance with the law. Defendants do not challenge this point whatsoever.

---

[15] pp. 12:24–13:5.
[16] pp. 74:5–77:14.
[17] *Id*. at p. 44:22-23;
[18] *Id*. at p. 12:24-13:14
[19] *Id*. at p. 34:13-18

### 2. Officer Meisner's Testimony is Relevant

Defendants last attempt to quickly jab that Officer Meisner's testimony is not relevant. Defendants reasoning for this assertion is that the Officer's testimony lacks a scientific or technical connection pursuant to Rule 702(a). But, Defendants mislead the Court. The ***third*** listed qualifier in 702(a) is "**specialized skill**," in addition to scientific and technical. FED. R. EVID. 702(a). Policing is specialized skill. Officer Meisner testified to this exact fact. Specifically, that he has knowledge over and beyond what the average juror would have concerning the rules of the road and accident investigation.[20] This cannot be disputed, nor do Defendants' attempt to. Instead, Defendants argue that the Officer's testimony is not relevant pursuant to Rule 702 by presenting an incomplete version of Rule 702. Moreover, the investigating officer's testimony regarding a collision in a lawsuit based on that collision is plainly, obviously relevant. *See* FED. R. EVID. 401. Defendants' argument as to relevancy under Rule 702(a) should be ignored.

### 3. Alternatively, Officer Meisner's Testimony are Admissible Lay Opinions

Should the Court feel unpersuaded that Officer Meisner can meet *Daubert's* muster, the Court should nevertheless not exclude Officer Meisner's opinions based on his observations. Rule 602 provides: "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." FED. R. EVID. 602. While deputies and other peace officers often possess the training and expertise to qualify as expert witnesses in traffic collision cases, this possibility does not preclude them from also giving lay opinions. *Carter v. Steere Tank Lines, Inc.*, 835 S.W.2d 176, 182 (Tex. App.—Amarillo 1992, writ denied). A police

---

[20] p. 10:17–24.

officer may give lay opinion testimony if the testimony is based on his own personal observations and experiences as a police officer. *Id.*

Here, Defendants have set forth no argument why Officer Meisner's opinions must also be excluded under Rule 602. Officer Meisner arrived at the scene after the incident occurred,[21] and based his findings off of his first hand investigation. Moreover, Defendants belabor in their motion that the substance of this dispute is not overly complex, and further argue the Officer's opinions are within the experience of a lay person. So, should the Court adopt Defendants' interpretation of the Officer's testimony, Defendants may not then seek to exclude the entirety of the Officer's opinions wholesale as overly technical to the extent it falls within the boundaries of expert testimony. Defendants must choose.

## **CONCLUSION**

Here, Plaintiff asks the Court to permit Officer Meisner's testimony derived from his investigation. Plaintiff did not designate Officer Meisner as an accident reconstructionist. Rather, Plaintiff designated him for the purpose of accident *investigation* and relied on his experience, expertise and training to evaluate the evidence related to the accident and to discuss the contributing factors of the accident. Further, it is far more appropriate to limit testimony than to exclude its entirety. Therefore, Plaintiff requests that the Court deny Defendants' Motion and grant all further relief to which Plaintiff may show himself justly entitled.

---

[21] Exhibit "A", p. 74:5-75:14

Respectfully submitted,

## THE BUZBEE LAW FIRM

By: */s/ Ben Agosto III*
    Anthony G. Buzbee
    State Bar No. 24001820
    Ryan S. Pigg
    State Bar No. 24088227
    Ben Agosto III
    State Bar No. 24091926
    JPMorgan Chase Tower
    600 Travis Street, Suite 7300
    Houston, Texas 77002
    Tel: (713) 223-5393
    Fax: (713) 223-5909
    www.txattorneys.com

**ATTORNEYS FOR PLAINTIF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been duly served on all known counsel of record and pro se parties in accordance with the Federal Rules of Civil Procedure on February 20, 2020 by E-filing.

    */s/ Ben Agosto III*
    *Ben Agosto III*